IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

*United States of America v. Jenna Lauren Noriega*

Case No. 3:21-cr-00080-01-TMB-MMS

By: THE HONORABLE TIMOTHY M. BURGESS

<u>PROCEEDINGS</u>: ORDER FROM CHAMBERS

Before the Court is Government's Expedited Motion to Stay Order and Conditions of Release (the "Motion").[1] In response, Noriega filed an Opposition to Motion for Stay ("Opposition").[2] For the following reasons, the Court **GRANTS** the Motion and orders Noriega detained pending the resolution of the Government's Motion to Revoke Order and Conditions of Release ("Motion to Revoke").[3]

### A. Background

On January 20, 2023, Noriega was sentenced by this Court to 30 months' imprisonment followed three years of supervised release for Distribution of Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).[4] Noriega began her period of supervised release on March 19, 2024.[5] A few months later, a Petition for Warrant of Arrest was filed setting out the following violations of Noriega's conditions of release: 1) admitting to using heroin and methamphetamine, 2) changing her residence without informing United States Probation and Pretrial Services (USPO), 3) failing to report for scheduled drug tests, and 4) being terminated from her job and failing to inform USPO.[6] A warrant for her arrest was issued on September 11, 2024, and was executed on November 21, 2025.[7] Noriega remained at large for over a year.[8] On November 25, 2025, five days after her arrest, Noriega was discovered to have "concealed on her person 8.17 grams of fentanyl powder and approximately 40 Suboxone strips."[9] Additionally, while on pretrial release in this case in 2022, Noriega was discharged from the Akeela House ("Akeela"), an inpatient drug treatment center, for bringing heroin and methamphetamine into the facility.[10] After hearing argument in a bail review hearing conducted on February 10, 2026, the Magistrate Judge

---

[1] Dkt. 202 (Government's Expedited Motion).
[2] Dkt. 205 (Defendant's Opposition).
[3] Dkt. 204 (Motion to Revoke Order and Conditions of Release).
[4] Dkt. 149 (Judgment) at 1–3.
[5] Dkt. 178 (Petition for Warrant of Arrest) at 1.
[6] *Id.* at 1–2.
[7] Dkt. 179 (Order on Petition for Arrest Warrant); Dkt. 180 (Arrest Warrant Returned).
[8] Dkt. 204 at 2.
[9] *Id.*; *see also* Dkt. 204-4 (Department of Corrections Incident Report).
[10] Dkt. 204 at 2; *see also* Dkt. 128 (Final Presentence Report) at 8.

granted Noriega's release.[11] The release order required Noriega to be released to a representative of Akeela to begin treatment.[12]

### B. Legal Standard

Courts consider four factors when evaluating a request for a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[13] The first two factors of the standard are the "most critical."[14]

Under 18 U.S.C. § 3145(a)(1), the Government may move for the district court with original jurisdiction to revoke an order of release by a magistrate judge.[15] The district court shall determine a motion for revocation of a release order promptly.[16] This Court reviews a magistrate judge's pretrial release order under 18 U.S.C. § 3145(c) *de novo*.[17]

The Bail Reform Act requires that a defendant shall be released pending trial unless a judicial officer determines that the defendant's release "will not reasonably assure the appearance of the defendant as required or will endanger the safety of any other person or the community."[18] If the judicial officer determines that no condition or combination of conditions can "reasonably assure" the defendant's appearance or the safety of the community, the defendant shall be detained before trial.[19]

### C. Discussion

The Government argues that the weight of the four factors outlined above supports granting a stay pending resolution of the Motion to Revoke.

First, the Government contends that it has made a strong showing that it is likely to succeed on the merits referencing the Motion to Revoke that was filed concurrently with the present Motion.[20] The record, the Government contends, shows that Noriega "has a long history of failing to comply with court orders and engaging in drug trafficking."[21] The Government notes, in particular, that Noriega was only on Supervised Release for several months in this case before the Court issued a

---

[11] Dkt. 199 (Minute Entry for Bail Review Hearing); Dkt. 200 (Order Setting Conditions of Release); Dkt. 201 (Release Order).
[12] Dkt. 201 (Release Order).
[13] *Nken v. Holder*, 556 U.S. 418, 434 (2009) (applying "traditional" standard for stay in reviewing decision on petition for review of removal order).
[14] *Id.* at 434.
[15] 18 U.S.C. § 3145(a)(1).
[16] 18 U.S.C. § 3145(a).
[17] *United States v. Koenig*, 912 F.2d 1190, 1191–93 (1990) (holding that district courts must engage in *de novo* review of magistrate orders granting or denying defendants' pretrial release).
[18] 18 U.S.C. § 3142(b).
[19] 18 U.S.C. § 3142(e)(1).
[20] Dkt. 202 at 2.
[21] *Id.*

warrant for violations of conditions of release, and Noriega subsequently remained at large for over a year.[22]

In response, Noriega contends that the Government has not made a strong showing that it is likely to succeed on the merits, arguing that the present allegations of "failure to report to [USPO] and personal use/possession of controlled substances do not necessarily amount to a risk of flight or danger to another person in the community."[23] Additionally, Noriega argues that the Government's concerns are addressed by the release plan, which directs that she be released to a residential dual diagnosis program where she will receive "constant oversight" along with mental health and substance abuse treatment to address her underlying issues.[24] Moreover, Noriega argues that "[t]he allegation[ ] in the instant matter of failure to report to [USPO] . . . [does] not necessarily amount to a risk of *flight*[.]"[25]

"The first two factors of the traditional standard are the most critical. It is not enough that the chance of success on the merits be 'better than negligible.'"[26] With that in mind, the Court observes that Noriega was at large for over a year in this case after admitting to "relapsing and using heroin and methamphetamine."[27] USPO reported that Noriega's "responsiveness decreased and stopped altogether when she failed to respond to multiple calls, voicemails, and text messages from the probation officer throughout August" 2024.[28] The Court finds that, on balance, this critical factor weighs in favor of implementing a brief stay.

Second, the Government argues that both the Government and the community will be irreparably injured absent a stay due to the "extreme risk that [Noriega] will flee and/or possess drugs when she is released to Akeela."[29] Noriega argues that even if she violates, the Government is not "irreparably injured" because bail revocation procedures are set forth by statute and further, Noriega's release does not hinder the Government's ability to proceed with regards to the supervised release petition.[30]

The Government's argument that the community would be irreparably injured absent a stay due to the risk of drug trafficking by Noriega is supported by Noriega's long history of drug trafficking going back to 2010.[31] Moreover, the Court finds that the Government would be irreparably injured absent a stay given the risk that Noriega may again abscond for a lengthy period. The Court therefore finds that this factor weighs in favor of implementing a brief stay.

---

[22] *Id.*
[23] Dkt. 205 at 2 (emphasis omitted).
[24] *Id.* at 2−3.
[25] *Id.* at 2 (citing *United States v. White,* No. 3:21-MJ-04070, 2021 WL 2155441, at *10 (M.D. Tenn. May 27, 2021) ("'[F]light risk' is . . . different from 'risk of non-appearance.'")).
[26] *Nken* at 434 (quoting *Sofinet v. INS,* 188 F.3d 703, 707 (7th Cir. 1999)).
[27] Dkt. 178 at 2; Dkt. 202 at 2.
[28] Dkt. 178 at 2.
[29] Dkt. 202 at 2.
[30] Dkt. 205 at 3.
[31] Dkt. 204 at 8.

Third, the Government contends that even if a stay results in jeopardizing Noriega's placement at Akeela or otherwise causes a delay in her treatment, that potential harm does not outweigh the other factors in favor of a stay.[32] To that point, the Government argues that Noriega has already delayed her own treatment by choosing to abscond from supervised release for over a year.[33] In response, Noriega contends that she will be substantially injured if a stay is granted because she will lose her place in the treatment program best suited for her.[34] The Motion to Revoke is predicated on Noriega's previous history of absconding while in treatment and on supervision; Noriega previously was discharged from inpatient drug treatment for bringing controlled substances into the same facility to which she is now scheduled to be released.[35] As a result, she has already delayed and jeopardized her own treatment. This factor also weighs in favor of implementing a brief stay.

Fourth, the Government argues that the public interest is served by a brief stay due to the great risk of harm drug trafficking poses to the community.[36] Specifically, the Government posits that there is a "special risk" that Noriega will "possess drugs and harm other residents of Akeela if she is released there[,]" arguing that Noriega has already been convicted of drug trafficking and her recent conduct shows she is determined to continue to engage in that conduct.[37] Noriega argues that the public interest lies in the current plan to release her to treatment at Akeela.[38] She contends that the "community's interest in a few extra months of jail time is far less compelling than its interest in ensuring [she] receives appropriate interventional treatment *before* she enters the community."[39] Further, Noriega argues that her behavior while in treatment will impact whether she will face additional time in jail at the disposition of this case.[40] Though important, the public's interest in Noriega receiving appropriate interventional treatment, does not outweigh the risk to the public if she absconds and continues to engage in drug trafficking, as she has chosen to do previously. The Court concludes that this factor weighs in favor of implementing a brief stay.

/ /

/ /

/ /

/ /

---

[32] Dkt. 202 at 2.
[33] *Id.*
[34] Dkt. 205 at 3.
[35] Dkt. 204 at 2.
[36] Dkt. 202 at 3.
[37] *Id.*
[38] Dkt. 205 at 3.
[39] *Id.* at 3−4 (emphasis in original).
[40] *Id.* at 4.

## D. Conclusion

For the foregoing reasons, the Government's Expedited Motion to Stay Order and Conditions of Release at Docket 202 and Motion to Expedite Motion to Stay at Docket 203 are **GRANTED**. The release order and conditions of release entered by the Magistrate Judge on February 10, 2026 are **STAYED** pending further order of this Court. Defendant's response to the Motion to Revoke is due **on or before 5:00 pm, February 13, 2026**. A Hearing on the Motion to Revoke is set for **February 19, 2026 at 10:30 AM** in Anchorage Courtroom 1 before Judge Timothy M. Burgess.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: February 11, 2026.